IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROZER CHESTER MEDICAL      :   CIVIL ACTION
CENTER                      :
                            :
        v.                  :
                            :
DEVON HEALTH SERVICES, et al. :   NO. 07-2150

MEMORANDUM AND ORDER

McLaughlin, J.                              August 16, 2007

      Crozer Chester Medical Center ("Crozer") has sued Devon Health Services, Inc. ("Devon"), Health Administrators, Inc. ("HAI"), and The Loomis Co. ("Loomis") for allegedly refusing to honor various contracts obligating the defendants to pay Crozer for healthcare services that it provided to William Sparks ("Sparks"). The defendants have moved to dismiss the plaintiff's complaint, and the plaintiff has moved to remand the case to state court. The Court will grant the plaintiff's motion and deny the defendants' motions as moot.

I.   Background

      In 1996, Crozer, a Pennsylvania corporation that provides medical services to residents of Montgomery County and its surrounding areas, entered into a Provider Service Agreement

("Crozer-Devon Agreement") with Devon,[1] a Pennsylvania preferred provider organization. Under the Agreement, Crozer agreed to provide healthcare services to Devon's clients in exchange for Devon's agreement to make payment for such services. The contract also provided that Crozer agreed to be a member of Devon's Preferred Provider Network ("Devon's PPN"). As a member of Devon's PPN, Crozer agreed to charge specific network billing rates for care and treatment of any Devon client that was seen and treated.

On April 1, 2000, Devon and HAI, a third-party administrator of employee healthcare plans, entered into a Network Access Agreement for Third-Party Administrators ("Devon-HAI Agreement"). Under the Agreement, HAI's subscribers were permitted access to medical care provided by members of Devon's PPN. The contract also specified that payment for healthcare services provided to HAI's subscribers by members of Devon's PPN, such as Crozer, would be made directly by HAI, consistent with the network billing rates outlined in the Crozer-Devon Agreement.

As an employee of Duckrey Enterprises, Inc., Sparks was provided health insurance through a self-insured medical coverage

---

[1] The plaintiff alleges that at the time the contract was signed, Devon was named Americare Health Services, Inc. According to the plaintiff, Americare officially changed its name to Devon in 1997, and all existing contracts were maintained and assumed, along with assets and liabilities.

program administered by Devon and HAI. As a member of this program, Sparks was a client of Devon and a subscriber of HAI.

In November of 2002, Sparks was the victim of a home invasion that resulted in his sustaining life-threatening injuries. Sparks was accordingly admitted to Crozer on November 30, 2002, where he remained until December 17, 2002. The medical costs associated with this treatment totaled $450,978.54.

At the time of his admission to Crozer, Sparks was in a coma and could not provide the hospital with his insurance information. It was not until May of 2003 that Sparks provided Crozer with his medical coverage information. At this time, Crozer began seeking reimbursement from HAI and Devon for the medical costs associated with Sparks' treatment. HAI initially assured Crozer that its claim would be processed quickly and payment would be forthcoming. Despite these representations and Crozer's contention that it complied with all requirements and conditions for reimbursement, Crozer's efforts to obtain reimbursement were ultimately unsuccessful.

On June 26, 2007, Crozer filed the present suit in the Court of Common Pleas of Delaware County. The complaint contains four claims: breach of contract, promissory estoppel, unjust enrichment, and breach of implied covenant of good faith and fair dealing.

In the breach of contract claim, Crozer alleges that Devon has breached the Crozer-Devon Agreement by refusing to pay Crozer for the medical treatment it rendered to Sparks.  Crozer further alleges that it is a third-party beneficiary of the Devon-HAI Agreement, which was breached when HAI refused to pay Crozer for Sparks' medical treatment.

In the promissory estoppel claim, Crozer alleges that it was reasonably induced to rely on Devon's and HAI's representations that the hospital would be paid for the medical services it rendered to Sparks, but that no payment was ever forthcoming.

In the unjust enrichment claim, Crozer alleges that Devon and HAI were unjustly enriched as a result of their refusal to pay Crozer for the medical services provided to Sparks.

And finally, in the breach of implied warranty of good faith and fair dealing claim, Crozer alleges that Devon and HAI breached their implied covenants of good faith and fair dealing by inappropriately and wrongfully withholding payment to Crozer for services rendered under the Crozer-Devon and Devon-HAI Agreements.

The defendants removed the suit to this Court, alleging that the claims presented in the complaint are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, <u>et seq.</u>

II.  Analysis

The plaintiff argues that this matter should be remanded to the Court of Common Pleas because the complaint does not present a federal question that would support removal.  The defendants respond by arguing that removal was proper because (i) the plaintiff's complaint does, on its face, present a federal question, and (ii) the plaintiff's claims are completely preempted by ERISA.  The Court agrees with the plaintiff that the complaint does not present a federal question on its face and that it is not completely preempted by ERISA.  The Court will accordingly remand the matter to the Court of Common Pleas.

Defendant Devon argues that the existence of an ERISA benefit is an essential element of Crozer's claim against Devon, and therefore Crozer's claims, as set forth on the face of the complaint, arise under federal law.

A civil action filed in state court may be removed to federal court if the claim "arises under" federal law.  28 U.S.C. § 1441(b) (2006); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  To determine whether a claim arises under federal law, a court must examine the "well-pleaded" allegations of the complaint and ignore possible defenses.  Id.  As a general rule, a plaintiff is entitled to remain in state court if its complaint does not, on its face, allege a federal claim.  Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388

F.3d 393, 398 (3d Cir. 2004). To support removal, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983)). Federal preemption is ordinarily a defense to a plaintiff's suit, and therefore it is typically not sufficient to support removal. See id.

In the present case, Crozer's complaint does not present, on its face, a federal question. The complaint does not refer to ERISA, and the rights or immunities created under ERISA are not elements of the plaintiff's claims. The complaint instead alleges four state common law causes of action that arise out of various agreements among the parties. The possibility that ERISA's preemption provision, 29 U.S.C. § 1144(a), may preempt these state law claims is not a sufficient basis for removal. See Pascack, 388 F.3d at 398.

The defendants argue that even if the complaint does not present a federal question on its face, Corzer's claims are nevertheless completely preempted by ERISA's civil enforcement mechanism.

Even where a well-pleaded complaint does not present a question of federal law on its face, the doctrine of complete preemption may support removal. See Aetna Health, Inc. v.

Davila, 542 U.S. 200, 207-08 (2004).  Complete preemption recognizes that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).  Thus, when a federal statute completely preempts state law causes of action, a state law claim that comes within the scope of the federal cause of action is in reality based on federal law.  Davila, 542 U.S. at 207.  ERISA is one of these statutes.  Id.

ERISA's civil enforcement mechanism, § 502(a), "is one of those provisions with such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  Id. at 209.  Causes of action that fall within the scope of § 502(a) are therefore removable to federal court. Id.  In Davila, the Supreme Court clarified the test that courts must apply to determine whether a plaintiff's claims are completely preempted by § 502(a), thereby rendering the case removable: a case is removable only if (i) the plaintiff could have brought its claim under § 502(a), and (ii) no other legal duty supports the plaintiff's claim.  See Pascack, 388 F.3d at 401.

The Court concludes that the plaintiff could not have brought its claims under § 502(a) so the case is not removable.

7

> Section 502(a) of ERISA allows "a participant
> or beneficiary" to bring a civil action,
> <u>inter alia</u>, "to recover benefits due to him
> under the terms of his plan, to enforce his
> rights under the terms of the plan, or to
> clarify his rights to future benefits under
> the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

<u>Id.</u>, at 400 (footnotes omitted).  The defendants are neither participants nor beneficiaries so they do not have standing to sue in their own right.

The defendants argue that they have standing because Sparks assigned his rights to them.  The only evidence they present in support of an assignment is a form UB-92, a computer-generated form the plaintiff is required to send with its bills to Devon.  There appears to be a "Y" typed underneath a column headed "assignment of benefits."

In support of its motion to remand, the plaintiff has submitted an affidavit from the plaintiff's Corporate Director of Patient Access/Patient Financial Services who has been employed by the plaintiff for twelve years.  She states that Sparks was admitted to the hospital as an unresponsive trauma patient.  He had no insurance information at the time.  She states that at no time did he, in writing or orally, assign any benefits to the plaintiff.  The boxes indicating an assignment are automatically checked off by a computer program.

The facts presented do not allow for a finding of an assignment.  There is no basis for a finding of a legal or

equitable assignment.  After full briefing, including supplemental briefs, and oral argument, the defendants request discovery on the question of assignment.  This request is too late and unlikely to lead to any finding of assignment.  The Court makes this comment in view of the substantial, two year litigation involving Sparks and the defendants in <u>Sparks v. Duckrey Enterprises, Inc. Health Administrators, et al.</u>, Civil Action No. 05-2178.  The defendants removed on very weak evidence of assignment.  In any event, the time to determine whether there was an assignment was before removal.  This case was removed on May 25, 2007, and the request for discovery was made on August 8, 2007.

        An appropriate order follows.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CROZER CHESTER MEDICAL      :    CIVIL ACTION
CENTER                      :
                            :
          v.                :
                            :
DEVON HEALTH SERVICES, et al. :  NO. 07-2150
```

                            ORDER

AND NOW, this 16th day of August, 2007, upon consideration of the plaintiff's Motion to Remand (Docket No. 10), the defendants' oppositions, the plaintiff's responses thereto, and after oral argument held on July 19, 2007, IT IS HEREBY ORDERED that said motion is GRANTED for the reasons stated in the accompanying Memorandum and Order.

IT IS FURTHER ORDERED that this case is remanded to the Court of Common Pleas of Delaware County.

                         BY THE COURT:


                         /s/ Mary A. McLaughlin
                         MARY A. McLAUGHLIN, J.